UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION ALEXANDER CARR, | No. 2:16-cv-1801 JAM CKD P |
| Plaintiff, | |
| v. | ORDER & |
| R. J. RACKLEY, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

I. Introduction

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. The complaint was filed April 19, 2016 and transferred to the Eastern District of California on August 1, 2016. (ECF Nos. 1 & 6.) This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

III.  Discussion

Plaintiff was convicted in 1977 for aiding and abetting murder based on his role as the "lookout man" for his co-defendant.  (ECF No. 1 at 4, 28, 32.)  He was sentenced to a prison term of seven years to life.  (Id. at 1.)  He is now 67 years old and has been in prison 39 years, having been denied parole 16 times.  (Id. at 4-5.)  Plaintiff claims that his punishment is excessive under the Eighth Amendment and violates other constitutional provisions and state laws.  (Id. at 4-5.)  Defendants are the Warden at Folsom State Prison and past members of the California Board of Prison Terms ("Board"), spanning three decades of parole decisions.  (Id. at 6-19.)  Plaintiff seeks

relief in the form of damages and an order requiring the state Board of Parole Hearings to hold a new hearing for him within 90 days.  (Id. at 46.)

Court records indicate that, in April 2016, plaintiff filed a petition for writ of habeas corpus challenging the constitutionality of his continued confinement.  Carr v. Rackley, No. 2:16-cv-1364 MCE KJN (E.D. Cal.).  That case is currently pending.  See also Carr v. Hill, No. 2:14-cv-1556 WBS CKD (E.D. Cal.) (habeas action challenging 2012 parole denial, dismissed October 29, 2014); Carr v. Schwarzenegger, No. 2:06-cv-1502 MCE EFB (E.D. Cal.) (habeas action challenging repeated parole denials, dismissed September 28, 2007).

State prisoners may challenge the constitutionality of state parole procedures in an action under §1983 seeking declaratory and injunctive relief.  Wilkinson v. Dotson, 544 U.S. 74, 76 (2005).  In Wilkinson, the United States Supreme Court addressed the issue of whether an inmate could challenge a parole denial via § 1983 rather than habeas corpus.  Id. at 74. The Court determined that an inmate may initiate a § 1983 action to seek invalidation of "state procedures used to deny parole eligibility ... and parole suitability," but he may not seek "an injunction ordering his immediate or speedier release into the community."  Id. at 82.  At most, an inmate can seek as a remedy "consideration of a new parole application" or "a new parole hearing," which may or may not result in an actual grant of parole.  Id.

Here, plaintiff does not point to any Board procedures that potentially violate his federal due process rights.  The violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976).  Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.

In Swarthout v. Cooke, 562 U.S. 216 (2011), the Supreme Court held that, even if a California prisoner has a state-created liberty interest in parole, the only federal due process to which a prisoner challenging the denial of parole is entitled is the minimal procedural due process protections set forth in Greenholtz v. Inmates of Nebraska Penal and Corrections Complex, 442

1   U.S. 1, 16 (1979) (i.e., an opportunity to be heard and a statement of reasons for the denial).  <u>Id.</u>
2   at 220.  Under <u>Swarthout</u>, "it is no federal concern...whether California's 'some evidence' rule of
3   judicial review (a procedure beyond what the Constitution demands) was correctly applied."  <u>See</u>
4   <u>id.</u> at 220-21.  Plaintiff does not allege that these minimal procedural due process protections
5   were not met.  While plaintiff alleges that the Board lacked "some evidence" of dangerousness in
6   denying him parole, such allegations do not support a § 1983 claim after <u>Swarthout</u>.

7         Moreover, to the extent plaintiff claims his ongoing confinement violates the Constitution,
8   his claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  <u>Heck</u> holds that federal
9   challenges, which, if successful, would necessarily imply the invalidity of incarceration or its
10  duration, must be brought by way of petition for writ of habeas corpus, after exhausting
11  appropriate avenues of relief.  <u>Muhammad v. Close</u>, 540 U.S. 749, 750–751 (2004).  Accordingly,
12  "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief
13  sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct
14  leading to conviction or internal prison proceedings)—if success in that action would necessarily
15  demonstrate the invalidity of confinement or its duration."  <u>Wilkinson</u>, 544 U.S at 81–82.  <u>See</u>
16  <u>Butterfield v. Bail</u>, 120 F3d 1023, 1024 (9th Cir. 1997) ("Few things implicate the validity of
17  continued confinement more directly than the allegedly improper denial of parole.").

18        To the extent his § 1983 claims are not barred by the <u>Heck</u> doctrine, plaintiff fails to state
19  a cognizable claim against any defendant.  For these reasons, the complaint should be dismissed.
20  As it appears amendment would be futile, the undersigned will recommend that this action be
21  dismissed without leave to amend.

22        In accordance with the above, IT IS HEREBY ORDERED that:
23        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
24        IT IS HEREBY RECOMMENDED that the complaint be dismissed without prejudice and
25  this case closed.

26        These findings and recommendations are submitted to the United States District Judge
27  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
28  after being served with these findings and recommendations, plaintiff may file written objections

with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 24, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / carr1801.14.parole